UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MARLIN ROSE, et al., | ) |
| Plaintiffs, | ) Civil Action No. 6:19-CV-221-CHB |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| LAKE CUMBERLAND REGIONAL HOSPITAL, LLC,[1] | ) **ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion for Partial Summary Judgment filed by Defendant Lake Cumberland Regional Hospital, LLC ("Lake Cumberland"). [R. 67]. Plaintiffs did not respond. This matter is now ripe for consideration. For the reasons below, the Court will grant Lake Cumberland's Motion.

**I. BACKGROUND**

On or around September 7, 2018, Plaintiff Marlin Rose was admitted as a patient at Lake Cumberland Regional Hospital in Somerset, Kentucky. [R. 7, p. 2, ¶ 6]. Shortly after Rose arrived at the hospital, he was admitted to the intensive care unit for septic shock, blood issues, pneumonia, and renal failure. *Id.* at ¶ 7. Plaintiffs allege that Rose "maintained an extremely elevated risk of falling" throughout his stay at the hospital, "as evidenced throughout his chart." *Id.* at ¶ 9. On October 20, 2018, between 3:00 a.m. and 5:00 a.m., an employee believed to be John P. Quinnelly, R.N., lifted Rose out of bed to allow him to relieve himself. *Id.* at ¶ 8. After

---

[1] Although Plaintiffs' initial Complaint named LifePoint of Lake Cumberland, LLC ("LifePoint") as a Defendant, the Amended Complaint did not. [R. 1–1, p. 7; R. 7, p. 1]. The Court interpreted "Plaintiffs' Amended Complaint (and their lack of response to LifePoint's Motion to Dismiss) as voluntarily dismissing their claims against LifePoint." [R. 9, p. 2].

lifting Rose, the individual left Rose standing unattended. *Id.* Rose fell and sustained serious injuries. *Id.*

On August 19, 2019, Plaintiffs Marlin and Sandy Rose filed a Complaint in Pulaski Circuit Court against Lake Cumberland and LifePoint. [R. 1–1, pp. 7–10]. In their Complaint, Plaintiffs alleged that negligence on the part of the hospital and its staff caused Rose's fall and resulting injuries. *Id.* Specifically, Plaintiffs' Complaint contained two counts: "medical negligence" (Count I) and "loss of consortium" (Count II). *Id.* at 8–10. Defendants timely removed the case to this Court on September 12, 2019. [R. 1]. Both Defendants filed Motions to Dismiss, [R. 4; R. 5]. Plaintiffs filed a Response to Lake Cumberland's Motion to Dismiss, [R. 6], as well an Amended Complaint that removed LifePoint as a Defendant and included more detailed factual allegations, [R. 7]. The Court accepted the Amended Complaint and denied both Motions to Dismiss as moot. [R. 9, pp. 2–3]. The Amended Complaint contains the same causes of action as the original Complaint. [R. 7, pp. 2–4]. The Amended Complaint supersedes the initial Complaint for all purposes. *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013).

Lake Cumberland filed a Motion for Partial Summary Judgment on December 3, 2021, moving the Court to dismiss three of Plaintiffs' claims as a matter of law. [R. 67]. Specifically, Lake Cumberland argues that Plaintiffs cannot produce expert testimony required to support three of their medical negligence claims: (1) failure "to 'utilize' and/or 'exercise' necessary policies, protocols, and procedures" in treating Rose; (2) negligent charting (i.e., documentation) of Rose's fall and the period after his fall; and (3) negligent administration of medication to Rose. *Id.* at 5. Lake Cumberland expressly does not seek dismissal of the "vicarious liability

claim premised on the alleged negligence of John Quinnelly, RN." *Id.* Plaintiffs failed to respond to the Motion.

## II. STANDARD OF REVIEW

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When determining a motion for summary judgment, the Court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). The Court may not "weigh evidence and determine the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 265 (1986). The Court "need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

The initial burden of establishing no genuine dispute of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, the burden then shifts to the nonmoving party to produce "specific facts" showing a "genuine issue" for trial. *Id.* at 324. When, as here, the defendant moves for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Where "a party fails to support an assertion of fact or fails to properly address another party's assertion of fact," the Court may treat the fact as undisputed. FED. R. CIV. P. 56(e)(2). A fact is "material" if the underlying substantive law identifies the fact as critical. *Anderson*, 477 U.S. at 248. Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual

disputes that are irrelevant or unnecessary will not be counted." *Id.* A "genuine" issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

"A non-moving party has a burden to file a response and designate the specific facts upon which he relies to establish the existence of a genuine issue for trial." *Adams v. Cunnagin*, No. 19-6221, 2020 U.S. App. LEXIS 28579, at *9–10 (6th Cir. Sept. 9, 2020) (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992)). In the Sixth Circuit, if the moving party meets its initial burden and the nonmoving party fails to respond, the court will rely on the "facts presented and designated by the moving party." *Guarino*, 980 F.2d at 404. Importantly, "[w]here the nonmoving party fails to respond to the motion for summary judgment, the trial court is under no obligation to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *In re St. Clair Clinic*, No. 94-3942, 1996 U.S. App. LEXIS 1416, at *2 (6th Cir. Jan. 8, 1996) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989)). However, a court will not "grant summary judgment in favor of the movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005). Rather, a court must examine the motion for summary judgment to ensure the movant has met his initial burden. *Carver*, 946 F.2d at 454–55.

### III. ANALYSIS

In a diversity action, like this one, the Court applies the substantive law of the forum state and federal procedural law. *Nationwide Mut. Fire Ins. Co. v. Hatton*, 357 F. Supp. 3d 598, 603 (E.D. Ky. 2019) (citations omitted); *EQT Prod. Co. v. Phillips*, 767 F. App'x 626, 630 (6th Cir.

2019). Because the events here occurred in Kentucky, the Court will apply Kentucky substantive law. [R. 7, pp. 1–2].

Under Kentucky law, the elements of medical negligence are (1) duty of care; (2) breach of that duty; (3) actual injury; and (4) negligence proximately caused the injury. *Walker v. S. Health*, No. 5:20-397-DCR, 2021 U.S. Dist. LEXIS 241242, at *66 (E.D. Ky. Dec. 17, 2021) (citing *Grubbs v. Barbourville Family Health Ctr.*, P.S.C., 120 S.W.3d 682, 687–88 (Ky. 2003)). Plaintiffs alleging medical negligence must generally produce expert testimony to establish that the defendant failed to conform to the standard of care. *Blankenship v. Collier*, 302 S.W.3d 665, 670 (Ky. 2010). In other words, plaintiffs must show, through expert testimony, "that the treatment given was below the degree of care and skill expected of a reasonably competent practitioner and that the negligence proximately caused injury or death." *Wheeler v. Baptist Healthcare Sys., Inc.*, 14 F. App'x 559, 561 (6th Cir. 2001) (quoting *Reams v. Stutler*, 642 S.W.2d 586, 588 (Ky. 1982)) (internal quotations omitted). Kentucky law recognizes two exceptions to the expert testimony requirement: (1) "in *res ipsa loquitor* cases where the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it" and (2) "in cases where the defendant physician makes certain admissions that make his negligence apparent." *Blankenship*, 302 S.W.3d at 670 (citation and internal quotation marks omitted).

Not every hospital fall case requires expert testimony. "Whether expert testimony is required in a hospital slip and fall case depends on whether hospital personnel were exercising professional judgment as opposed to rendering nonmedical, administrative, ministerial or routine care, or simply carrying out doctor's orders." *Chamis v. Ashland Hosp. Corp.*, 532 S.W.3d 652, 656 (Ky. Ct. App. 2017) (citing *McGraw v. St. Joseph's Hosp.*, 488 S.E.2d 389, 396 (W. Va.

1997)); *see also Martin v. Our Lady of Bellefonte Hosp., Inc.*, No. 2013-CA-000877-MR, 2014 WL 7339265, at *3–5 (Ky. Ct. App. Dec. 24, 2014). Stated another way, "[w]hether expert testimony is required depends upon whether hospital personnel must exercise professional judgment to prevent a fall by determining which specialized measures tailored to a specific patient's condition need to be implemented or whether they are merely implementing standard care or specialized individual care per doctor's orders." *Martin*, 2014 WL 7339265, at *4.

Federal Rule of Civil Procedure 26(a)(2)(A) requires that parties disclose the identities and reports of expert witnesses they plan to call at trial. Therefore, if a plaintiff fails to identify an expert witness during discovery, he or she will be unable to provide expert testimony at trial. *Id.* Failure to provide adequate expert testimony is grounds for granting summary judgment for the opposing party. *Johnson v. United States*, No. 3:15-cv-715-DJH-CHL, 2018 WL 3636567, at *5 (W.D. Ky. July 31, 2018); *see also Blankenship*, 302 S.W.3d at 675 ("A jury trial without the requisite proof is a futile exercise, wasteful of judicial time, jurors' time and the litigants' time and resources.").[2]

Here, Lake Cumberland argues that three of Plaintiffs' self-described medical negligence claims must be dismissed because Plaintiffs cannot provide the required expert testimony. [R. 5, p. 5; R. 7, pp. 2–3]. As Plaintiffs failed to respond to the Motion, the Court accepts Lake Cumberland's assertion that Plaintiffs cannot produce expert testimony to support these three

---

[2] Under the Amended Scheduling Order in place at the time of Defendant's Motion for Partial Summary Judgment, Plaintiffs' expert disclosures were due no later than March 4, 2022. [R. 65, p. 2]. On February 23, 2022, the Court amended the scheduling order once again, at the request of both parties, because the "parties have not wanted to proceed with fact discovery . . . until the Court rules on the [Motion for Partial Summary Judgment]." [R. 69; R. 70]. It is apparent that the deadline extensions in the most recent amended scheduling order, [R. 70], were not intended to allow additional time for discovery as to the pending Motion, nor did Plaintiffs cite a need for extra time to secure expert witnesses on the claims discussed in the Motion. Given the lack of a Response by Plaintiffs or any indication that Plaintiffs disclosed an expert by the March 4, 2022 expert disclosure deadline, the Court is left to assume that Plaintiffs do not intend to name any expert witnesses or challenge the merits of the pending Motion. Further, it is the Court's understanding that during a telephonic status conference with Judge Hanly Ingram held on April 6, 2022, Plaintiffs confirmed they do not have expert evidence to address the current Motion. [R. 72].

claims. *See Adams*, 2020 WL 6325663, at *3 ("Although some of the above facts are pulled from the evidence submitted by the defendants, this is because [plaintiff] wholly failed to respond to the defendants' motion for summary judgment[.]"); *Guarino*, 980 F.2d at 404 ("The facts presented and designated by the moving party were the facts at hand to be dealt with by the trial court."); *Bailey v. Ingram*, No. 5:14-CV-279-CHB-EBA, 2018 WL 6112972, at *2 (E.D. Ky. July 26, 2018) (quoting *Sheils v. Jordan*, 841 F. Supp. 2d 727, 729 (S.D.N.Y. 2012)) ("It is standard practice that, where a non-moving party fails to respond to a moving party's motion, 'the Court may accept the truth of [the movant's] factual allegations, and determine whether [the movant is] entitled to summary judgment' on the basis of those accepted facts."). Further, although the Court need not search the record to support Plaintiffs' case, nothing in the record runs counter to Lake Cumberland's assertion. *See In re St. Clair Clinic*, 1996 U.S. App. LEXIS 1416, at *2. The two exceptions to the expert testimony requirement—*res ipsa loquitor* and admissions that make negligence apparent—do not apply. *See Blankenship*, 302 S.W.3d at 670. Further, the three claims that Defendant seeks to dismiss, (1) failure "to 'utilize' and/or 'exercise' necessary policies, protocols, and procedures"; (2) negligent charting; and (3) negligent administration of medication, all sound in medical malpractice rather than ordinary negligence because they require the exercise of professional judgment, and Plaintiffs have provided no argument to the contrary. *See Chamis*, 532 S.W.3d at 656; *see also Buchanan v. United States*, No. 3:19-CV-572-CHB, 2022 U.S. Dist. LEXIS 54042, at *27, 37–38 (W.D. Ky. Mar. 25, 2022) (finding that failure to implement additional protocols, failure to "adequately and competently document," and failure to treat with appropriate medication all sounded in medical malpractice); *Martin*, 2014 WL 7339265, at *4 ("[E]xpert testimony would be needed to determine whether additional precautions were needed because it would not be obvious to a jury

whether the steps taken were insufficient in light of his condition."). In contrast, the vicarious liability claims in Plaintiffs' Complaint, fairly construed, include ordinary negligence allegations related to Nurse Quinnelly's actions. *See Buchanan,* 2022 U.S. Dist. LEXIS 54042, at *28–31; *see also Banfi v. Am. Hosp. for Rehabilitation*, 529 S.E.2d 600, 606 (W.Va. 2000) (finding that a claim that nurses failed to respond to a patient's calls for help, forcing the patient to journey to the bathroom alone and subsequently fall, sounded in ordinary negligence).

As Plaintiffs failed to produce the required expert testimony, the following medical negligence claims must be dismissed: (1) failure "to 'utilize' and/or 'exercise' necessary policies, protocols, and procedures" in treating Rose; (2) negligent charting (i.e., documentation) of Rose's fall and the period after his fall; and (3) negligent administration of medication to Rose.

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Defendant Lake Cumberland's Motion for Partial Summary Judgment, **[R. 67]**, is **GRANTED**.

This the 6th day of April, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY